FILED
MAY 16 2019
[signature] Matthew Thelen
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER, PURSUANT TO 18 U.S.C. § 3486(a)(6)(A), PROHIBITING GOOGLE, INC., AN ELECTRONIC COMMUNICATIONS PROVIDER, FROM NOTIFYING ANY PERSON, INCLUDING THE SUBSCRIBER, OF THE EXISTENCE OF A GRAND JURY SUBPOENA. | CASE NUMBER: 3:19-mc-02<br><br>**SEALED APPLICATION** |

The United States, through Assistant United States Attorney Jay Miller, for the District of South Dakota, hereby applies to the Court pursuant to 18 U.S.C. § 3486(a)(6)(A) for an order prohibiting Google, Inc., located at 1600 Amphitheatre Parkway, Mountain View, CA 94043, which functions as an electronic communications service provider, from notifying any person, including the subscriber, of the existence of a grand jury subpoena to Google, Inc., that requests subscriber information related to the Google account "dustinjoeredlegs@gmail.com."

In support of this application, I affirm the following:

FACTUAL AND LEGAL BACKGROUND

1.   The Federal Bureau of Investigation ("FBI") is currently investigating allegations of possible sexual exploitation, in violation of 18 U.S.C. § 2251.

2. Based on the investigation of this criminal activity, there are reasonable grounds to believe that Google, Inc. has records and other information that are relevant and material to the ongoing criminal investigation described above.

3. Section 3486 of Title 18, United States Code, provides instruction on access to the records and other information in the possession of providers of "electronic communications services" and/or "remote computing services." Google, Inc. functions both as an electronic communications service provider -- that is, Google, Inc. provides its subscribers with access to electronic communication services, and as a remote computing service provider providing computer facilities for the storage and processing of electronic communications as those terms are used in 18 U.S.C. § 2703(c)(2).

4. Here, pursuant to 18 U.S.C. § 3486(a)(6)(A), the government seeks to obtain the following basic subscriber information:

   a) account name;

   b) subscriber contact information;

   c) subscriber identifiers;

   d) e-mail addresses;

   e) connection logs;

   f) IP address history;

   g) transaction history;

   h) telephone numbers;

for the Google online services of Gmail, Talk, YouTube, Groups, Google+, Docs, Calendar, Voice, Drive, Maps, Earth, Video, Blogger, Picasa, Play, Wallet, Android, and Web Search.

5. According to 18 U.S.C. § 3486, a subpoena may be used to obtain the above-described subscriber information.

6. Pursuant to 18 U.S.C. § 3486(a)(6)(A), the Court may issue an order commanding a provider of electronic communications services or remote computing services that has been served with a subpoena in accordance with 18 U.S.C. § 3486, to not notify the subscriber, customer or any other person of the existence of the subpoena or court order.

8. Also pursuant to 18 U.S.C. § 3486(a)(6)(A), the Court shall enter such an order if it determines that there is reason to believe that notification of the existence of the subpoena will result in (1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses.

9. Accordingly, this application sets forth the facts showing that there are reasonable grounds to believe that the records and information sought are relevant and material to the ongoing criminal investigation described above and that an order prohibiting the disclosure of the subpoena and request for information is warranted under the circumstances.

## THE RELEVANT FACTS

As is more fully set out in the attached affidavit of FBI Special Agent Benjamin Plante, attached as Exhibit 1, the government sets forth the following pertinent facts,

10. The Federal Bureau of Investigation (FBI) is conducting an investigation of a suspect who utilized an online account to allegedly sexually exploit a child in Eagle Butte, SD. Information within the account identified above could potentially be used to pursue additional information concerning the identity of the suspect and crimes currently being investigated by the federal government.

11. During the course of the investigation, the FBI learned that on September 24, 2018, the suspect allegedly entered a bedroom that the 9-year old alleged victim was sleeping and took a picture of the child's exposed vagina. The suspect then allegedly added the pictures to his online Google account.

12. For the purposes of the ongoing investigation, the Government seeks to obtain basic subscriber information of the requested accounts possibly associated with the suspect.

13. It is requested that this Application and Order be sealed by the Court for 90 days, or as the Court directs otherwise. Given the confidential nature of this investigation, disclosure would severely jeopardize the investigation in that it might alert the target of the investigation to the existence of an investigation and likely lead to the destruction and concealment

of evidence.

14. It is further requested that pursuant to the preclusion of notice provisions of 18 U.S.C. § 3486, that Google, Inc. be ordered not to notify any person (including the subscribers or customers to which the materials relate) of the existence of this order or the Federal grand jury subpoena until further order of the Court. The Government submits that such an order is justified because notification of the existence of this order could seriously jeopardize the ongoing investigation. Such a disclosure could give the subscribers an opportunity to destroy evidence.

WHEREFORE, it is respectfully requested that the Court grant the attached Order (1) directing that the Subpoena and Order be sealed; and (2) directing Google, Inc. not to disclose the existence or content of the Order or the Federal subpoena, except to the extent necessary to comply with the Federal subpoena.

Dated this 16th day of May, 2019.

*[signature]*
Jay Miller
Assistant United States Attorney